BENJAMIN ORR *v.* HOME MUTUAL INSURANCE Co. et al.

> Insurance companies cannot be made liable in an action for damages, for having conspired and agreed with each other that they would not insure any boat in which a particular person should be employed, in order to prevent that person from obtaining employment.
>
> The defendants had the right, separately or acting in concert, to decline taking any risk in any boat on which the plaintiff should be employed as master.
>
> Courts can enforce only legal obligations and redress injuries to legal rights.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
*Tappan & Holt, Benjamin, Bradford & Finney,* for plaintiff and appellant. *M. M. Cohen, George Eustis* and *J. B. Eustis,* for defendants.

MERRICK, C. J. This action is brought to recover of the defendants, three insurance companies, damages for a conspiracy. The plaintiff alleged in his petition, in substance, that he was the master of the steamboat Red River, that he was receiving one hundred and fifty dollars per month as wages; that by means of his skill and experience and good reputation he was able to obtain employment and earn a competent livelihood for himself and family; that the defendants maliciously, and without any cause except that the plaintiff, under the instructions of the owner of the said steamboat, had charged eight dollars per bale freight on certain cotton, and five dollars per barrel on certain beef and tallow, and two and one-half dollars per barrel for sundries taken from the steamboat Julia Dean at Jacksonport, on White River, to New Orleans, which, on account of the difficulties of the navigation, were reasonable charges, combined and confederated together and agreed that they would not insure anything on any steamer on which the plaintiff might be employed, nor adventure any risk on such steamer, by reason whereof the owner of the steamboat Red River discharged petitioner from his occupation as master on said boat, and petitioner finds himself excluded from his business of steamboat navigation and from all useful and honorable employment, and deprived of all means of livelihood for himself and family, and that he has been damaged $30,000

The defendants excepted on the ground that plaintiff's petition disclosed no cause of action. The exception was sustained, and the plaintiff has appealed.

Undoubtedly, either of the defendants had the right separately to decline taking any risk on any boat on which the plaintiff should be employed as master. Nor could the motives of the company be questioned; whether they were malicious and with the sole design of injuring the plaintiff or not, would be entirely immaterial in a legal point of view so long as there was no contract on their part and no legal obligation to insure such boat. Courts can enforce only legal obligations and redress injuries to *legal* rights. 4 Rob. 68 ; 8 Rob. 84.

Does the fact that the three insurance companies conspired and agreed with each other that they would not insure on any boat on which the plaintiff should be employed, in order to prevent him from obtaining employment, change the character of their acts?

It is difficult to perceive in what respect the combination of three insurance offices out of all of the companies of this city should change the character of acts otherwise conceded to be lawful. The companies had the right to say,

separately, that they would not insure any boat on which the plaintiff should be employed, and we can see no good reason why the three companies, whether they felt themselves aggrieved by plaintiff's charges or not, might not say so in concert.

We have not deemed it necessary to advert to the distinctions of the common law on the subject of the indictment for a conspiracy, and the action on the case in the nature of a conspiracy, nor to consider whether cases may not arise in which combinations to do acts otherwise lawful may not occasion injuries which will sustain a civil action.

It is sufficient for the purposes of the case to decide that the facts alleged in this case are not sufficient to sustain the action. The inconvenience which the plaintiff has suffered is but a *damnum absque injuria*.

Judgment affirmed.