THE EVERGREEN CEMETERY ASSOCIATION OF NEW HAVEN *vs.* HENRY BEECHER AND OTHERS.

A cemetery association instituted a proceeding under the statute for enlarging its territory by taking adjoining lands owned in severalty by different persons. Held that all the owners, though having no joint interest, were properly made defendants together.

The burial of the dead being a necessity, land may be taken for the purpose under the authority of the state.

And land taken for such a purpose by a corporation authorized to establish and conduct a cemetery, is taken for public use, if all the public

have a right of burial there, even though the expense may operate practically to exclude some.

But a corporation does not take land for a public use where the public have not, and can not acquire, the right to bury in it.

[Argued December 2d, 1885—decided February 19th, 1886.]

ACTION by the plaintiff, a cemetery association organized under the laws of the state, for the purpose of taking lands for the enlargement of its territory, under the provision of Gen. Statutes, p. 293, sec. 4; brought to the Superior Court. The defendants demurred to the complaint, and the case was reserved for the advice of this court. The case is sufficiently stated in the opinion.

*J. W. Alling* and *J. H. Webb*, for the plaintiff.

*S. E. Baldwin* and *J. H. Whiting*, for the defendants.

PARDEE, J. This is a complaint asking leave to take land for cemetery purposes by right of eminent domain. The case has been reserved for our advice.

The plaintiff is the owner of a cemetery, and desires to enlarge it by taking several adjoining pieces of land, each owned by a different person, and has made these owners joint defendants. Because of this joinder they demur. But we think that it is in harmony with our practice in analogous proceedings and with the spirit of the Practice Act, and that it promotes speedy, complete, and inexpensive justice, without placing any obstruction in the way of any defendant in protecting his rights. Each carries his own burden only; he is not made to carry that of any of his associates. Therefore the complaint, so far forth as this objection is concerned, is sufficient.

The safety of the living requires the burial of the dead in proper time and place; and, inasmuch as it may so happen that no individual may be willing to sell land for such use, of necessity there must remain to the public the right to acquire and use it under such regulations as a proper respect for the memory of the dead and the feelings of survivors demands. In order to secure for burial places dur-

Evergreen Cemetery Association v. Beecher.

ing a period extending indefinitely into the future that degree of care universally demanded, the legislature permits associations to exist with power to discharge in behalf and for the benefit of the public the duty of providing, maintaining and protecting them. The use of land by them for this purpose does not cease to be a public use because they require varying sums for rights to bury in different localities; not even if the cost of the right is the practical exclusion of some. Corporations take land by right of eminent domain primarily for the benefit of the public, incidentally for the benefit of themselves. As a rule men are not allowed to ride in cars, or pass along turnpikes, or cross toll-bridges, or have grain ground at the mill, without making compensation. One man asks and pays for a single seat in a car; another for a special train; all have rights; each pays in proportion to his use; and some are excluded because of their inability to pay for any use; nevertheless it remains a public use as long as all persons have the same measure of right for the same measure of money.

But it is a matter of common knowledge that there are many cemeteries which are strictly private; in which the public have not, and can not acquire, the right to bury. Clearly the proprietors of these cannot take land for such continued private use by right of eminent domain. The complaint alleges that the plaintiff is an association duly organized under the laws of this state for the purpose of establishing a burying ground; that it now owns one; that it desires to enlarge it; and that such enlargement is necessary and proper. There is no allegation that the land which it desires to take for such enlargement is for the public use in the sense indicated in this opinion.

Therefore the Superior Court is advised that for the reason that the complaint does not set out any right in the plaintiffs to acquire title to the land of the defendants otherwise than by their voluntary deed, the demurrer must be sustained.

In this opinion the other judges concurred.