Filed Nov. 2, 1893.

---◆---

No. 16,398.

FARNEMAN ET AL. *v.* THE MOUNT PLEASANT CEMETERY ASSOCIATION.

CEMETERY.—*Public.—Petition to Condemn Land for an Addition.—Sufficiency.—Corporation.—*A petition to annex land to a public cemetery, which states that the petitioner is a corporation owning and controlling a public cemetery in, etc.; that, in the opinion of its trustees and directors, it has become necessary to purchase the real estate therein described, for its use as an addition to such cemetery, etc. Such petition sufficiently shows a purpose to condemn the land for a public use.

SAME.—*Statute Relating to.—Constitutionality of.—*The statute relating to condemnation of land for the purpose of a public cemetery is not unconstitutional, in that it delegates to corporation officers judicial power to determine the necessity for such appropriation; nor is it unconstitutional on the ground that it does not provide for trying and determining the question of public necessity.

From the St. Joseph Circuit Court.

*A. L. Brick* and *O. M. Cunningham,* for appellants.

*L. Hubbard,* for appellee.

COFFEY, J.—Section 864, Elliott's Supp., provides: "That whenever, in the opinion of the trustees of any corporation owning or controlling a public cemetery in any county in Indiana, it becomes necessary to purchase real estate for cemetery uses, such trustees may file a petition in the circuit court of said county asking for the appointment of appraisers to appraise and assess the value of said real estate."

Section 865 provides for notice to the owners of the land, and for the appointment of appraisers.

Section 866 provides that after filing the report of the appraisement the owner or owners of the land may except to the report, for any cause, and a trial thereon may be had in said court.

Acting under the provisions of this law, the appellee, on the 16th day of April, 1891, filed its petition in the St. Joseph Circuit Court, praying an appropriation of the lands of the appellants as an addition to its public cemetery. Such proceedings were had under this petition as that appraisers were appointed by the court, and an appraisement made and filed. Upon the filing of the appraisement, the appellants filed an answer in two paragraphs, to each of which the court sustained a demurrer, to which ruling the appellants excepted.

The assignment of error calls in question the sufficiency of the petition as a cause of action as well as the action of the court in sustaining a demurrer to each paragraph of the answer.

The objection urged against the petition is that it does not appear therefrom that the appellee is seeking to condemn the land therein described for a public use.

We do not think this objection can be sustained. It is alleged, in the petition, that the appellee is a corporation owning and controlling a public cemetery in St. Joseph county, in the State of Indiana; that, in the opinion of its trustees and directors, it has become necessary to purchase the real estate therein described for its use, as an addition to such cemetery. This, we think, sufficiently shows that the appellee is seeking to appropriate the land for the purpose of using the same as a public cemetery, in addition to the cemetery now owned and controlled by it.

It is unnecessary to inquire whether this petition is,

or is not, sufficient to withstand a demurrer, but when its sufficiency is tested for the first time by an assignment of error, in this court, we do not hesitate to hold it good.

The first paragraph of the answer proceeds upon the theory that the act of the Legislature above set out is unconstitutional because it delegates to the corporation officers the judicial power to determine the necessity for the appropriation of land. It is further claimed, that, in fact, there is no public necessity for appropriating the land in question, and that there is no provision made by the statute for trying and determining such question.

The second paragraph proceeds upon the theory that the statute above set out is unconstitutional because the appropriation of land for a public cemetery is not an appropriation of property to a public use.

The appellants are in error in assuming that the act in question confers judicial power on the officers of the corporation, as well as in assuming that the act makes no provision for trying the question as to whether the appropriation is sought for a public use. The statute does nothing more than confer on the corporation the right to file a petition seeking an appropriation, when, in the opinion of its officers, the public necessity may require it.

Assuming that it would be a defense to the attempted appropriation to show that it was not sought for the benefit of the public, section 866 is broad enough to permit such a defense, for it provides that the owner or owners of the land may except to the report of the viewers for any cause, and have the same tried in the court where the proceeding is pending. No such exception, however, was filed in this case. Had the appellants excepted on the ground that the appellee was not appropriating the land described in the petition for the use of the

public, we would have a question quite different from the one before us.

It seems to be settled law that lands may be condemned for the purpose of a public cemetery, where the public in general have a right to obtain interment, and that lands taken for the purpose of enlarging a public cemetery is devoting it to a public use.    6 Am. and Eng. Encyc. of Law, 528; *Evergreen Cemetery Ass'n* v. *Beecher,* 53 Conn. 551; *Edwards* v. *Stonington Cemetery Ass'n,* 20 Conn. 466; *Balch* v. *County Commissioners,* 103 Mass. 106; *Edgecumbe* v. *City of Burlington,* 46 Vt. 218.

It is also argued that this statute is unconstitutional because it makes no provision for damages to land from which that condemned is to be taken, but no such question is presented by the record in this case.    It does not appear that the appellants own any other land than the tract which the appellee seeks to condemn.

We can not know that a case will ever arise in which the question here suggested will be involved, and for that reason we will not now consider it.    *Gilson* v. *Board, etc.,* 128 Ind. 65.

In our opinion, the circuit court did not err in sustaining the demurrer of the appellee to each paragraph of the answer filed by the appellants.

Judgment affirmed.

HOWARD, J., took no part in the decision of this cause.

Filed Nov. 7, 1892.