## WILLAN ET AL. *v*. HENSLEY SCHOOL TOWNSHIP.

[No. 21,712.   Filed January 26, 1911.   Rehearing denied April 19, 1911.]

1. SCHOOLS.—*Condemnation of Land for Schoolhouse.—Petition.— Good Faith.—Presumptions.*—A petition by a school township for the condemnation of land for a schoolhouse site need not allege that the trustee of such township acted in good faith in the proceeding to condemn, the presumption being that he so acted. p. 490.

2. SCHOOLS.—*Sites for Schoolhouses.—Condemnation.—Petition.— Nonessentials.*—A petition to condemn lands for a schoolhouse site need not allege that steps are being taken for the construction of a house thereon, nor that the trustee has been authorized to erect a schoolhouse thereon.   p. 490.

3. SCHOOLS.—*Sites for Schoolhouses.—Condemnation.—Petition.— Sufficiency.*—A petition for the condemnation of land for a schoolhouse site, alleging that the trustee of the school township desires the condemnation, for a schoolhouse site, of certain described land, that in the opinion of the trustee of the school township such land is necessary for such purpose, that such township trustee and the owner of such land cannot agree upon a price therefor, that such township has tendered to such owner a certain sum which the owner has refused to accept, and praying for the appointment of appraisers to value such land, is sufficient when attacked for the first time on appeal.   p. 491.

4. SCHOOLS.—*Sites for Schoolhouses.—Condemnation.—Answer.— Refusal of Permission to File.—Failure of Patrons to Change Site of Schoolhouse.*—In a proceeding to condemn land for the site of a schoolhouse, an answer alleging that such site was at a different location from the present site, that a petition had been filed with the county superintendent for the relocation of the schoolhouse, that the petition was signed neither by the trustee, nor by the required number of school patrons, and that a relocation would constitute an abandonment of the old site, may be stricken out on motion, or leave for filing may be denied, without prejudicial error.   pp. 491, 492.

5. APPEAL.—*Right Result.*—Where a right result was reached by the trial court, its decision will be upheld regardless of the reasons it assigned for its action.   p. 492.

6. SCHOOLS.—*Sites for Schoolhouses.—Condemnation.—Payment into Court.—Application.—Defects.*—The owners of land appropriated for the use of a site for a schoolhouse can raise no question on appeal on the ground that the court made the order

for a conveyance upon an unsigned application stating that the money had been paid into court, no objection to such application having been made in the court below. p. 493.

From Johnson Circuit Court; *William E. Deupree*, Judge.

Action by the Hensley School Township of Johnson County against Robert D. Willan and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Miller & Barnett* and *L. Ert Slack*, for appellants.

*Fremont Miller, Henry E. White, George S. White* and *Fred R. Owens*, for appellee.

JORDAN, J.—The trustee of Hensley school township of Johnson county, instituted this action in the Johnson Circuit Court, in the name of said school township, for the appropriation of two and a fraction acres of real estate described in the petition, for the purpose of build- ing a public schoolhouse thereon. Appellant Robert D. Willan was the owner in fee of the real estate, and Susan Willan, his wife, was made a party defendant to answer as to any interest she might claim in the lands. Quinton, the tenant in possession of said lands, was also made a party defendant. The proceedings were had under the act of 1907 (Acts 1907 p. 114, §6633–6636 Burns 1908), entitled "An act to provide for the appropriation of real estate for school purposes."

Section one of said act (§6633, *supra*) provides as follows: "That, whenever, in the opinion  *  *  *  of the township trustee of any township in the State, it shall be considered necessary to purchase any real estate on which to build a schoolhouse, or for any other purpose connected therewith, such township trustee  *  *  *  may file a petition in the circuit court of said county, asking for the appointment of appraisers to appraise and assess the value of said real estate."

Section 6634, *supra*, provides for giving notice to land- owners of the filing of the petition, and provides that "the court shall appoint three freeholders, resident in said school

corporation or said township where said real estate is situate, to appraise and assess the value thereof."

Section 6635, *supra,* requires that the appraisers so appointed by the court shall take an oath to make a fair, true and honest appraisement of the real estate, shall examine said real estate, hear such evidence as they may consider necessary, and make a report of their appraisement to the court within five days. This section further provides that upon the making of such report the township trustee of such school corporation may pay to the clerk of said court, for the use of the owner or owners thereof, the amount thus assessed, and, upon a showing to the court that such payment had been made, the title to said real estate shall at once vest in such school corporation or school township for said purposes, and the court shall cause the real estate to be conveyed to said school corporation or school township by a commissioner appointed therefor, and the school corporation or school township may immediately take possession of the real estate for said purpose. Upon the filing of the report of the appraisers, any party to the action, within ten days, may except to the amount of the appraisement and valuation of said real estate, and a trial may be had thereon before the court, as other civil cases are tried, and the court shall fix the amount of the appraisement and assessment, and any party to said action may appeal from the judgment as other civil cases are appealed. It further provides that the court shall cause the real estate to be conveyed to the school corporation or school township, and the title to the lands shall at once vest in the school corporation or school township for said purposes, and subsequent proceedings upon exceptions filed to the appraisement shall affect only the amount of such appraisement and assessment.

Section 6636, *supra,* provides that before the filing of a petition by the township trustee, the latter may tender to the owner or owners of the real estate an amount deemed a

reasonable value therefor, and should the amount fixed by the appraisers, or by the court subsequently thereto, be the same or less than the amount so tendered, then the cause shall be prosecuted at the cost of the owner or owners.

After denying an offer by appellants to file what they termed an answer to the appropriation petition, the court appointed three appraisers to make an appraisal of the land. After qualifying as required by law, they appraised the land at $2,500, which they reported to the court as the sum awarded for the appropriation of the real estate. Appellee appears to have filed exceptions to this appraisement, and on a trial in court before a jury the latter awarded $1,500 as the value of the real estate, and over appellants' motion for a new trial judgment was rendered upon this award in favor of appellants, from which judgment they appealed to this court.

The points stated by appellants in their brief and relied on for reversal are as follows: (1) Insufficiency of the petition filed for the appropriation of the lands in question. (2) Error of the court in denying their offer to file an answer and objections to the petition. (3) Error of the court in ordering a conveyance of the real estate to appellee before the amount awarded for the real estate had been paid.

The sufficiency of the petition is for the first time assailed in this appeal. This pleading discloses that Hensley school township of Johnson county is represented by its trustee, the petitioner; that it is a body politic and a school corporation, and the real estate to be appropriated is therein described, the amount of which is two and seventy-one one-hundredths acres situated in Johnson county, and the specific purpose for which it is intended to be used is shown. It is further shown that, in the opinion of the trustee of said school township, it is necessary to purchase said described real estate upon which to build a schoolhouse; that the petitioner, by its trustee, has been unable to agree

with the owner of the land for the purchase thereof; that prior to the filing of the petition it had tendered to the owner, Robert D. Willan, for the purchase of said real estate $1,200, which sum he refused to accept. The prayer is that the court appoint appraisers to place a value on the land to be appropriated.

The petition may be said to show that the Johnson Circuit Court, under the statute, had jurisdiction over the subject-matter of the proceedings, and that the petitioner is a school corporation, which is empowered to condemn and appropriate land for erecting thereon a public schoolhouse, and that is the specific purpose which the petitioner has in view, and, in the opinion of its trustee, the purchase of the land in question is necessary for such purpose. It is pointed out, among other objections, that the petition does not allege that the township intends in good faith to construct a schoolhouse on the land to be appropriated. Such a showing by the petition, in order to authorize the condemnation of the land, was not necessary. Good faith in the matter in question on the part of the township trustee will be presumed, until the contrary is shown.

It is further urged that the petition is insufficient, because it does not show that any steps were taken by the township trustee to build a schoolhouse on the land after it was appropriated; that there is nothing disclosing that the trustee was authorized by the township advisory board to incur any indebtedness for the construction of a schoolhouse after said land was condemned and appropriated by the school township. These contentions are wholly untenable. It was not necessary that any of these facts should be averred in the petition in order to warrant the appropriation of appellants' real estate for the purpose mentioned in the petition. *Richland School Tp.* v. *Overmyer* (1905), 164 Ind. 382.

As there was no demurrer to the petition, it is not essential that we determine its sufficiency to withstand a

demurrer.  It is certainly sufficient upon an assault
3.  made upon it for the first time in this appeal.  *Farne-
man* v. *Mount Pleasant, etc., Assn.* (1893), 135 Ind. 344.
As the record discloses, appellants on October 4, 1909,
appeared in court and were ruled to answer the petition.
Thereafter, on October 6, they presented to the court
4.  an answer, which they offered to file to the petition.
Upon the objections of appellee to the filing of this
answer, the court refused to permit appellants to file it.
The answer as offered has been brought into the record by a
bill of exceptions.  By this answer appellants, as land-
owners, attempt to set up as a bar to this action certain
facts going to show that before the institution of this suit
certain proceedings had been had by the patrons of school
district No. 1 of Hensley township, Johnson county, Indiana,
before the superintendent of schools of that county, for the
purpose of changing the site of the schoolhouse in district
No. 1; that in these proceedings it was proposed to change
the site of the schoolhouse in district No. 1 to the land sought
to be appropriated in this action.

The proposed answer in detail proceeds to show that
the petition signed in the proceedings had by the school
patrons before the superintendent of schools was not signed
by either the township trustee or the required number
of school patrons of district No. 1.  It is further averred
that the acts and circumstances set forth in the answer
show that to relocate said school in district No. 1, upon
the real estate described in the petition of the plaintiff in
this case, would necessarily result in a change of the site
of the existing schoolhouse in the district; that it is the aim
and purpose of this action to secure a new building, in lieu
of the schoolhouse on the old site, to be constructed and
erected on the real estate sought to be condemned in this
proceeding, and that the present building and school site
in said district shall be thereby abandoned for school pur-
poses by said school corporation and trustee Richardson.

Other facts of a similar character to those hereinbefore set out are contained in the answer, and it is charged that the trustee of Hensley township has no legal authority to change the site of the school in district No. 1. Wherefore, the prayer of the answer is that this action be denied, and that defendants have judgment for their costs.

Appellee's counsel contend that the offer to file this answer was properly rejected by the court, because there is no warrant, under the provisions of the act of 1907, *supra*, for the filing of an answer or objections to the petition of a school corporation to condemn lands.

Counsel for appellants base their right to file the answer on §933 Burns 1908, Acts 1905 p. 59, §5, authorizing the exercise of eminent domain in certain cases. By reason of the conclusions that we have reached, it is not essential that we decide this particular controversy as raised by the parties herein.

We are not apprised by the record upon what grounds the court based its rulings in rejecting the answer in question, but as a correct result was reached by the ruling we are constrained to uphold it without regard to the reasons upon which the court based its decision. This proposed answer on the part of the landowners, under the facts therein set out, is wholly irrelevant and impertinent in this case. In fact, counsel for appellants virtually admit that if, after it had been filed, it could have been properly stricken out under the rule affirmed in the case of *Guthrie* v. *Howland* (1905), 164 Ind. 214, and cases there cited, the rejection thereof by the court would not constitute reversible error. The facts therein stated are clearly outside the merits of this case. The facts afforded no grounds on which appellants could predicate either a plea in abatement or an answer of any kind to the petition. The facts therein set out do not even tend to constitute a cause of defense to this action or in any manner tend to defeat or break down the petition.

Therefore the answer, if it had been filed, might have been and should have been, on the motion of appellee, rejected by the court. *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248; *Atkinson* v. *Wabash R. Co.* (1896), 143 Ind. 501; *Guthrie* v. *Howland, supra.*

It would appear that its sole purpose was to secure a review by the court in this action of the proceedings had before the county superintendent of schools in regard to the change of the school site in district No. 1, and the relocation of the schoolhouse. As the answer, for the reasons herein stated, could have served no legitimate purpose had it been filed, and might have been stricken out on motion, certainly appellants have not been harmed by the ruling of the court in rejecting their offer to file the answer.

It is next insisted by appellants' counsel that the court erred in ordering a deed of conveyance to be executed to appellee for the land appropriated, and in receiving 6. and approving such deed upon an unsigned application, wherein it was alleged that the $1,500 awarded by the jury as compensation for the land had been paid, with interest thereon, to the clerk of the court. There is no merit in this point. In fact, no adverse ruling of the trial court is shown to sustain the argument that counsel advance.

As previously shown, section three of the statute (Acts 1907 p. 114, §6635 Burns 1908) provides that the school corporation or trustee may pay to the clerk of the court, for the use of said owners, the money awarded for the real estate appropriated, and upon the showing of such payment to the court the latter shall cause the real estate to be conveyed to the school corporation. In this case it appears that the court ordered the land to be conveyed to appellee. Therefore we must presume that the trial judge, before he made this order, found that the money had been paid to the clerk of the court as the law provides. If the money had been paid to the clerk for the use of appellants,

the fact that the court made the order for the conveyance of the real estate in controversy upon an application which was signed by neither appellee nor its attorneys can be of no avail to appellants in this appeal. If they were not satisfied with the application, because it had not been signed by either appellee or its attorney, they should have made a motion to strike out the application for that reason.

We may suggest in passing that we have considered some questions presented by appellants, that appear to us to be quite frivolous and, in reality, merit no consideration.

The record presents no reversible error, and the judgment is therefore affirmed.