FORESTVALE CEMETERY ASSOCIATION, RESPONDENT, *v.* HELENA CEMETERY ASSOCIATION ET AL., DE-FENDANTS; WINTER, APPELLANT.

(No. 4,907.)

(Submitted November 5, 1921. Decided December 21, 1921.)

[203 Pac. 359.]

*Eminent Domain—Cemeteries—Private Ownership—Public Use.*

Eminent Domain—Cemeteries—Lands of Private Corporation for Profit may be Taken.
1. *Held*, that land owned by a cemetery association organized for profit is private property, which, under section 7333, Revised Codes of 1907, may be taken by eminent domain for public cemetery purposes.

Same—Lands Used for Same Public Purpose may be Taken, When.
2. Under the rule that a public corporation may by condemnation

---

On judicial power over the right of eminent domain as to cemeteries, see note in 22 L. R. A. (n. s.) 171.

take property of an individual or a private corporation used for the same public purpose as that for which it is sought to be condemned, *held*, that unsold lots of a cemetery association whose corporate existence had expired and ninety-nine per cent of whose stock was held by one individual, could properly be acquired by eminent domain by a corporation for public cemetery purposes.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

Condemnation Proceedings by the Forestvale Cemetery Association against the Helena Cemetery Association and others. Judgment for plaintiff, and defendant Henry Winter, as trustee and personally, appeals. Affirmed.

*Mr. Wellington D. Rankin,* for Appellant, submitted a brief and argued the cause orally.

Before property can be taken by eminent domain proceedings it must appear: First: That the use to which it is to be applied is a use authorized by law. Second: That the taking is necessary to such use. Third: If already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use. (Sec. 7334, Rev. Codes.)

The complaint shows on its face that the land in question is already being used for cemetery purposes. There are no facts alleged in the complaint which show or tend to show that the use to which the property is to be applied is a more necessary public use than that to which it is already appropriated. It is merely alleged that the cemetery is now operated for private profit and gain, and that excessive prices are being charged for lots therein. Under the circumstances disclosed by the complaint there is no doubt that the land is already appropriated to a public use. (See *Wolford* v. *Crystal Lake Cemetery Assn.,* 54 Minn. 440, 56 N. W. 56; *Memphis State Line R. Co.* v. *Forest Hill Cemetery Co.,* 116 Tenn. 400, 94 S. W. 69; *Farneman* v. *Mt. Pleasant Cemetery Assn.,* 135 Ind. 344, 35 N. E. 271; *Evergreen Cemetery Assn.* v. *Beecher,* 53 Conn. 551, 5 Atl. 353; *Starr Burying Ground Assn.* v. *North Lane Cemetery Assn.,* 77 Conn. 83, 58 Atl. 467;

*Brown* v. *Maplewood Cemetery Assn.*, 85 Minn. 498, 89 N. W. 872.)

The fact that the control or operation of the cemetery is in private individuals and the fact that private individuals or a corporation are deriving profits from the use of the land does not deprive it of its character as a public use. (*Memphis State Line R. Co.* v. *Forest Hill Cemetery Co., supra;* 10 Am. & Eng. Ency. of Law, 2d ed., p. 1063; 10 Ruling Case Law, sec. 29; 20 C. J. 556; *Spratt* v. *Helena Power Transmission Co.*, 37 Mont. 60, 77, 94 Pac. 631; *Emery* v. *Littlejohn*, 83 Wash. 334, Ann. Cas. 1915D, 767, 145 Pac. 423; *State* v. *Superior Court*, 70 Wash. 486, 127 Pac. 104; *Ryan* v. *Louisville & N. Terminal Co.*, 102 Tenn. 111, 45 L. R. A. 303, 50 S. W. 744; *Butte, A. & P. Ry.* v. *Montana U. Ry. Co.*, 16 Mont. 504, 523, 50 Am. St. Rep. 508, 31 L. R. A. 298, 41 Pac. 232.)

Property already devoted to a public use may not be taken for another public use when to do so would do away with a former use, and such property may not be taken for the same use. (*Starr Burying Ground Assn.* v. *North Lane Cemetery Assn.*, 77 Conn. 83, 58 Atl. 467; *Kanawha Cent. Ry. Co.* v. *Brown*, 71 W. Va. 738, 77 S. E. 360; *State ex rel. Harbor Boom Co.* v. *Superior Court, Pacific County*, 65 Wash. 129, 117 Pac. 755; *Butte, A. & P. Ry. Co.* v. *Montana U. Ry. Co.*, 16 Mont. 504, 537, 50 Am. St. Rep. 508, 31 L. R. A. 298, 41 Pac. 232.)

The fact that the present owners are not properly caring for the lots already sold—and which are not the subject of these proceedings—cannot add to the plaintiff's right to condemn the unused portion of the cemetery. (*Roundtree* v. *Hutchinson*, 57 Wash. 414, 27 L. R. A. (n. s.) 875, 107 Pac. 345; *Tracy* v. *Bittle*, 213 Mo. 302, 15 Ann. Cas. 167, 112 S. W. 45, 49; *Bitney* v. *Grim*, 73 Or. 257, 144 Pac. 490.) The lot owners, if they have proper cause for complaint, may seek relief in equity. (*Houston Cemetery Co.* v. *Drew*, 13 Tex. Civ. 536, 36 S. W. 802; *Clark* v. *Rahway Cemetery*, 69 N. J.

[62 Mont. 52.]

Eq. 636, 61 Atl. 261; *Brown* v. *Maplewood Cemetery Assn.,* 85 Minn. 498, 89 N. W. 872.)

*Messrs. Gunn, Rasch & Hall* and *Mr. Edward Horsky,* for Respondent, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

The cemetery property in question is not devoted to a public use. (*Board of Health* v. *Van Hoesen,* 87 Mich. 533, 14 L. R. A. 114, 49 N. W. 894; *Fork Ridge Baptist Cemetery Assn.* v. *Redd,* 33 W. Va. 262, 10 S. E. 405; *Matter of Deansville Cemetery Assn.,* 66 N. Y. 569, 23 Am. Rep. 86; *Evergreen Cemetery Assn.* v. *Beecher,* 53 Conn. 551, 5 Atl. 353; see, also, *Brown* v. *Gerald,* 100 Me. 351, 109 Am. St. Rep. 526, 70 L. R. A. 472, 61 Atl. 785; *Fallsburg Power & Mfg. Co.* v. *Alexander,* 101 Va. 98, 99 Am. St. Rep. 855, 61 L. R. A. 129, 43 S. E. 194.) While the general rule is well settled that property held for a public use may be taken for a more necessary public use, but "cannot be taken to be used for the same purpose in the same manner," this general rule does not apply where it is taken for the same purpose, but to be used in a different manner. (Lewis on Eminent Domain, 3d ed., in sec. 440; 20 C. J., p. 600; *In re City of Brooklyn,* 143 N. Y. 596, 26 L. R. A. 270, 38 N. E. 983; *Shiel* v. *Walker,* 114 Mo. App. 521, 90 S. W. 124; *Balch* v. *County Commissioners,* 103 Mass. 106; *Edwards* v. *Stonington Cemetery Assn.,* 20 Conn. 466.)

Appellant contends that the fact that those in control of the cemetery are deriving a profit from the use of the land does not deprive it of its character as a public use. It is true that if the property of a corporation or individual is appropriated to a public use the mere fact that the owners of the property may incidentally derive profit therefrom does not deprive it of its character as a public use. In other words, the rule of law as here stated by appellant is correct, provided the property used, and out of which the owner may derive a profit, is controlled and regulated by law, so that the

"general public have the right to a definite and fixed use of the property, not as a mere matter of favor or by permission of the owner, but as a matter of right." The cases and text-books cited in appellant's brief relate to ownership of property so limited and controlled by law, and not to a corporation holding property like the Helena Cemetery Association, or those who have been operating and controlling its property since the death of such association.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff in the district court of Lewis and Clark county, to condemn certain described real estate for use as a public cemetery. Issue being joined, the cause was regularly heard, and the court adjudged the right of condemnation, and appointed commissioners to appraise the property. The defendants, the Helena Cemetery Association, Henry Winter, as one of its trustees, and Henry Winter personally, have appealed.

It appears that the plaintiff is incorporated under Chapter 18 of the Session Laws of 1905 (secs. 4237 to 4270, inclusive, of the Revised Codes, 1907), and Acts amendatory thereof, for the purpose of procuring, holding and disposing of land to be used exclusively as a public cemetery. The defendant company was incorporated for profit in 1890, under Chapter 25, Laws of the Fifth Division of the Compiled Statutes of Montana of 1887 (secs. 446–495, inclusive), for a term of twenty years, and engaged in operating a cemetery upon the property in question. On the 4th of August, 1910, the corporate life of the defendant Helena Cemetery Association expired by operation of law, and has never been extended. The defendants other than the Helena Cemetery Association were directors of the corporation at the time of the expiration of its corporate life, or were subsequently elected as directors, or were the holders of all of the outstanding capital stock of the Helena Cemetery Association. The affairs of the defendant corpora-

tion have never been concluded. Henry Winter has acquired more than ninety-nine per cent of all of the stock of the corporation, and has been running the cemetery as his own private property for profit. Over 1,700 burial lots in the cemetery have been sold, most of which were sold upon the endowment plan, and it is averred that proper and necessary care of such lots has not been provided. It appears further that the defendants, without reason or justification, have increased the prices of unsold lots, and that the prices now exacted therefor are unreasonable and exorbitant. The unsold lots embraced within the tract of land described are the subject of this action.

The only question involved, and that which is determinative [1] of the case, is the plaintiff's right of condemnation.

The general incorporation laws under which the defendant association was organized authorizes the formation of corporations for the purpose of carrying on general business enterprises named, cemeteries not being included therein. However, the matter of the incorporation of the defendant corporation becomes unimportant, since it is alleged and admitted that its corporate life expired by operation of law, and has never been renewed nor extended; and it appears that certain of the defendants have assumed to exercise ownership, conduct its business and affairs, and act as its officers or trustees.

Both before and since the cessation of the defendant association's corporate existence, its business and property used in connection therewith must be considered wholly private in nature, so that the land sought to be condemned is private property. As such it may be taken by eminent domain. (Sec. 7333, Rev. Codes.)

The law under which the plaintiff corporation was organized has been amended in certain particulars by Chapter 128, Laws of 1909, Chapter 99, Laws of 1911, and Chapter 65, Laws of 1919. By it cemetery associations are specially provided for, and given perpetual existence. They are eleemosynary institutions, authorized by the law to function without

profit, and in which all the people are interested. The land acquired by them must be held and used exclusively for a cemetery. They are open to all classes of people; their records are public, and the lands acquired by them can be used for no purpose other than the burial of the dead. Their property is exempt from all public taxes and assessments, and section 4240, Revised Codes, as amended by Chapter 99, Laws of 1911, expressly confers upon them the right of eminent domain to acquire private property to be used exclusively as a cemetery. From a consideration of these statutory provisions, we think it is plain that the plaintiff is vested with the right of acquiring private property by condemnation proceedings for use as a cemetery, and that this right extends to the lands in controversy.

But it is argued by defendants' counsel that the lands sought [2] to be acquired are already devoted to a public use, and therefore may not be taken by the plaintiff in the exercise of eminent domain. In support of his contention, counsel cites *Wolford* v. *Crystal Lake Cemetery Assn.*, 54 Minn. 440, 56 N. W. 56; *Memphis State Line R. Co.* v. *Forest Hill Cemetery Co.*, 116 Tenn. 400, 94 S. W. 69; *Farneman* v. *Mt. Pleasant Cemetery Assn.*, 135 Ind. 344, 35 N. E. 271; *Evergreen Cemetery Assn.* v. *Beecher*, 53 Conn. 551, 5 Atl. 353; *Evergreen Cemetery Assn.* v. *City of New Haven*, 43 Conn. 234, 21 Am. Rep. 643; *Starr Burying Ground Assn.* v. *North Lane Cemetery Assn.*, 77 Conn. 83, 58 Atl. 467; and *Brown* v. *Maplewood Cemetery Assn.*, 85 Minn. 498, 89 N. W. 872.

These cases are all clearly distinguishable, and the application thereof to the case before us might be considered meritorious were the property of the defendants owned and used by a public corporation such as the plaintiff; but they are without force as applied to the defendant's property, which, save as to the burial lots already sold, is private property, and may be used for any purpose. There is nothing whatsoever to prevent the defendants from using the property in question (unsold lots) for agriculture, pasture, town lots or any other purpose they

may see fit. They are at liberty to discontinue the sale of burial lots at any time, and to utilize the portion of their property unsold as they may wish. The friends and relatives of numerous persons are interred within the tract now devoted to cemetery purposes, and it would appear most desirable to continue its use as a burying ground, so as to keep the sepulchres in a collective group and permit the betterment and improvement of the grounds. It is not proposed by the plaintiff to disturb the remains of those now buried, but rather to include the lots now sold and occupied with the tracts herein involved, as a public cemetery; so that, as to the particular tract, the public has a particular and vital interest. The use to which the property involved is now being devoted does not change its private character.

The rule applicable does not prevent the taking by the state or a public corporation, of property owned by an individual or private corporation used for the same public purpose. (Lewis on Eminent Domain, 3d ed., sec. 440; 20 C. J. 600.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.