TATMAN *v.* ROCHESTER LODGE NO. 47, I. O. O. F. ET AL.

[No. 13,273.   Filed January 30, 1929.]

508

*Holman, Bernetha & Miller,* for appellant.
*Selden J. Brown* and *Campbell & Emmons,* for appellees.

McMAHAN, P. J.—This is an action by appellant against Rochester Lodge No. 47, I. O. O. F. and the three trustees of the lodge, to enjoin them from enforcing a resolution of the trustees relating to interments in the I. O. O. F. cemetery at Rochester. A demurrer was sustained to the complaint, hence this appeal.

The complaint alleges that appellee lodge owns a cemetery at Rochester and for more than twenty years has been and is now selling lots therein to the public for burial purposes; that there have been more than 100 lots sold in which no burials have yet been made; that for the last six years appellant has been manufacturing cement vaults for burial purposes, a large number of such vaults having been placed in said cemetery; that the vaults manufactured by appellant comply with all the rules and

regulations of appellees with respect to the interment of bodies; that a large number of people have purchased vaults of appellant and placed the same in graves in the cemetery and will continue to do so unless prevented by appellees; that a large number of lot owners will in the future purchase such vaults from appellant unless prohibited by the resolution hereinafter referred to; that appellees, without authority of law, have also been engaged in furnishing vaults for profit to lot owners, such vaults made by appellees not being as salable as the vaults furnished by appellant; that appellees, by reason of a desire to monopolize the sale of vaults and to provide a market for vaults made by them, and for the purpose of increasing the cost of appellant's vaults and preventing competition, in October, 1922, passed a resolution that interments should be made in said cemetery only in brick, stone, cement, metal or slate vaults, and that a charge of $5 should be made for the setting of any vault, except those furnished by appellee lodge; that appellees notified appellant of the passage of said resolution and that he would be required to comply with such resolution; that appellees had no authority to pass the resolution in question, which it is alleged was passed for the sole purpose of discriminating against appellant, and compelling him to charge such a price for his vaults as would compel the public to buy vaults furnished by appellees, which would tend to ruin appellant's business and result in great injury to the public; that, since the passage of such resolution, appellant has been compelled to, and has paid to appellees $300 for vaults furnished by him, all of which he paid under protest; that the resolution mentioned is void and that appellees will continue to enforce the same and deny appellant the right to place any vaults in the cemetery to his damage. Appellant asks that appellees be enjoined from enforcing the resolution, and for $500 damages.

Appellant contends appellee lodge is a *quasi*-public corporation with such powers only as are conferred by statute; that it cannot engage in business for profit; that the business of selling vaults by appellee is *ultra vires;* that the resolution tends to create a monopoly by stifling competition and is both unreasonable and against public policy and should be declared void. We cannot agree with the contention that appellee lodge is either a public, or a *quasi*-public corporation. In determining the sufficiency of the complaint, we must keep in mind that appellant is neither a member of appellee lodge nor does he own a lot in its cemetery. He manufactures a cement vault which he sells to those having the privilege of burial in the cemetery. Appellant concedes appellees had a right to establish rules and regulations governing the management of the cemetery. His contention is that the resolution, in so far as it requires the payment of a fee of $5, where the vault used is not furnished by appellee, is unreasonable, is against public policy and tends to create a monopoly.

If it be conceded, as claimed by appellant, that appellee has been selling burial lots to the general public and that the cemetery in question is a public cemetery, appellee, through its trustees, would without doubt have authority to establish reasonable rules regulating interments in such cemetery; to appoint a cemetery brickmason and grave digger, and by resolution prohibit all other persons from digging graves or constructing vaults in its cemetery. *City Council of Augusta* v. *Bredenberg* (1917), 146 Ga. 459, 91 S. E. 486. In *Roanoke Cemetery Co.* v. *Goodwin* (1903), 101 Va. 605, 44 S. E. 769, a rule requiring all graves to be dug and refilled by the superintendent and requiring the payment of a fee for the work was held valid as to all who purchased lots with knowledge of the rule. See, also, *State* v. *Scoville* (1905), 78 Conn. 90, 61 Atl. 63; *Ritchey* v.

*City of Canton* (1892), 46 Ill. App. 185. When a vault was purchased from or furnished by appellee, it unquestionably had a right to require that such vault should be set in place by some one in its employ or if set in place by some one not in its employ, that the work should be done under the supervision of some one in its employ, and fix a reasonable fee for such work. Nor do we see any legal objection to a rule requiring the payment of a fee for the setting of such a vault when the same is set by some one other than an employee of appellee, though no fee is charged when the vault is furnished by appellee. The fact that the vaults purchased from appellant were placed in position by him without any assistance by appellee and that appellee did not render any services in connection with the setting of such vaults would not render the rule requiring the payment of the fee void. Appellant's reputation for doing good work may have been such that appellee did not deem it necessary to render any assistance or to superintend the setting of vaults furnished by appellant. It is fair to presume that appellee did maintain general supervision over all burials in the cemetery, there being nothing to the contrary alleged in the complaint.

There is no merit in the contention that the regulation requiring the payment of the fee has a tendency to create a monopoly. The fact, if it be a fact, that as a matter of law, appellee had no lawful right under its charter to engage in the business of making and selling vaults would not have the effect of making the resolution in question void. The right of appellee to engage in the business of manufacturing and selling vaults cannot be questioned in this kind of an action. If appellee went beyond its powers, the remedy must be reached through the public authorities, or through some one interested in the lodge, such as a member thereof, and not by a stranger. *City of Terre Haute* v. *Terre*

*Haute Water-Works Co.* (1884), 94 Ind. 305; *Council of Jewish Women* v. *Boston Section* (1912), 212 Mass. 219, 98 N. E. 862.

The cemetery in question is owned and operated by appellees by virtue of §5415 Burns 1926, §3816 R. S. 1881, Acts 1895 p. 13, which, among other things, provides that any grand or subordinate lodge of Odd Fellows may take by purchase, grant or devise, land not exceeding 160 acres, upon which to erect buildings as will best attain the object of the organization, and for that purpose may elect trustees, who shall possess the powers and perform the duties as set out in the act of which this section is a part. Section 11 of the act, §5425 Burns 1926, gives the trustees authority to receive conveyances of land for the sole and exclusive benefit of the society, and for the uses declared in such conveyances. There is no element of monopoly, since there is no claim that it controls all the cemeteries in the vicinity of Rochester. The community at large is not affected so as to impress the property of appellee with a public interest. See *People, ex rel.,* v. *Forest Home Cemetery Co.* (1913), 258 Ill. 36, 101 N. E. 219, L. R. A. 1917B 946.

This case is to be distinguished from such cases as *Scott* v. *Lakewood Cemetery Assn.* (1926), 167 Minn. 223, 208 N. W. 811, 47 A. L. R. 64, holding a rule requiring a lot owner to employ only employees of the cemetery association to decorate and beautify the graves on his lot unreasonable and void. In *Chariton Cemetery Co.* v. *Chariton Granite Works* (1924), 197 Iowa 403, 197 N. W. 457, 32 A. L. R. 1402, a rule requiring the work of grading and improving lots and constructing foundations for monuments to be done *only* by employees of the company, was held unreasonable. In *Nicolson* v. *Daffin* (1914), 142 Ga. 729, 83 S. E. 658, L. R. A. 1915E 168, a rule requiring a lot owner to buy her fertilizer from the cemetery association and which

prohibited her from employing a gardener of her choice to do her work was held unreasonable. The resolution of which appellant complains does not require that the vault be set only by employees of appellee. The rule in the instant case did not forbid the work being done by the lot owner or the one furnishing the vault. When a vault was purchased from or furnished by appellee, the setting of the same would be done by appellee. When a vault was purchased from or furnished by some one other than appellee, it was proper for appellee to provide by a rule that some employee of appellee should superintend the setting of the vault in order to be certain that it was done in the proper manner, and it was proper for it to require the payment of a reasonable fee to cover the cost of such superintendency. This was the effect of the regulation in question, and we hold the same valid in so far as appellant is concerned, and that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.