DAVISSON, Respondent, v. MOUNT MORIAH CEMETERY ASSOCIATION, Appellant.

(No. 6,608.)

(Submitted April 10, 1930. Decided May 29, 1930.)

[288 Pac. 612.]

Mr. *Thos. J. Davis* and Mr. *C. J. Christian*, for Appellant, submitted a brief; Mr. *Davis* argued the cause orally.

Mr. *N. A. Rotering*, Mr. *A. C. McDaniel* and Mr. *J. A. Poore*, for Respondent, submitted a brief; Mr. *Rotering* and Mr. *Poore* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought to enjoin the defendant from enforcing one of its rules and regulations. Judgment was entered in favor of plaintiff, from which defendant appealed.

Defendant challenges the sufficiency of the complaint and the evidence to sustain the judgment. The facts are that defendant, a Montana corporation, for more than thirty-five years has been the owner of the cemetery situated in Silver Bow county, known as the Mt. Moriah Cemetery, and engaged in selling lots for the purpose of burying human bodies; that for more than ten years before commencing the action plaintiff has been engaged in making concrete vaults for inclosing coffins of the dead, and prior to August, 1926, was placing such vaults in the cemetery of defendant without hindrance; that in August, 1926, defendant notified all undertakers in Silver Bow county, some of whom were agents of plaintiff in the sale of cement vaults made by him, that only steel vaults or cement vaults of defendant's own making would be permitted to be used in the cemetery; that since August, 1926, defendant has refused, and still refuses, to open graves or permit graves to be opened if a vault of

plaintiff's making was to be used therein, resulting in a reduction of plaintiff's income; no cement vaults have ever been used in the cemetery excepting those made by plain-tiff and those made by defendant.

For about ten years before the institution of the action all lots in the cemetery were sold by defendant under deeds containing the following clause: "Said property is conveyed by said party of the first part [the Cemetery Association] upon the express condition that said lot shall be used for the burial of human bodies and for no other purpose, and any improvement made thereon shall be made by the party of the first part for a price to be uniformly fixed for said improve-ment, and shall be made, erected and constructed in accord-ance with the rules heretofore prescribed or which may here-after be made relative to the making, erection or construction of improvements, or in the control of and management of The Mount Moriah Cemetery, and the grantee herein and * * * administrators and assigns shall use said prop-erty and hold the right to use the same subject to the rules adopted by said corporation."

The evidence discloses that there are four other ceme-teries in Silver Bow county which permit the use of plain-tiff's vaults, and that plaintiff is engaged in the general concrete-cement business, and that his total vault business is about fifty per cent of his entire business; that over a period of ten years about one-fourth of the vaults sold by plaintiff were used in the defendant's cemetery, and that he makes a profit of $5 for each vault sold. Plaintiff is the owner of a lot in defendant's cemetery which he purchased in 1902, and before the form of the deed containing the clause above referred to was adopted and used by defendant. Defendant is not refusing the right of lot owners, holding lots under deeds issued prior to the one above referred to, to use vaults of their own choosing. Plaintiff has not been denied the right to use one of his own vaults in his own lot. His right to relief is based solely upon the interference by defendant

with his business. There is evidence that defendant's vault is superior to that of plaintiff, in that it is a two-piece vault, while that of plaintiff consists of eight pieces, and for that reason defendant's vault is more readily removable in exhuming a body. Only a small percentage of those buried in the cemetery have been placed in either steel or cement vaults. In most cases the coffin is placed in a board box, the use of which is permitted by defendant.

Defendant contends that its action in excluding the use of cement vaults other than those of its own making is justifiable as against lot owners holding conveyances under the deeds containing the reservation above mentioned. Plaintiff contends that the regulation excluding the use of his vault is unreasonable and void.

Whether the regulation is a proper one, and one which may be made under the reservation in the deeds as against the lot owners is a question that can be raised by lot owners only who are affected by the regulation. The fact that the enforcement of the regulation incidentally tends to injure plaintiff in his business of making and selling vaults does not give him any standing in court to question the reasonableness of the regulation as against lot owners affected by it.

Plaintiff, in support of his contention that he is entitled to injunctive relief, relies upon the broad statement appearing in 32 C. J. 155, where it is said: "Since the right to carry on a lawful business without obstruction is a property right, acts committed without just cause or excuse, which interfere with the carrying on of complainant's business and destroy his custom, his credit, or his profits, do an irreparable injury and authorize the issuance of an injunction." But not every act tending to interfere with another's business gives rise to a cause of action either for damages or for an injunction.

In *Cedar Hill Cemetery Co.* v. *Lees*, 22 Pa. Super. Ct. 405, the cemetery company adopted a regulation to the effect that

all lot owners desiring to have their lots sodded and flowers and shrubbery planted or trimmed should do so under the direction of the superintendent, and that no one should be permitted to enter the cemetery to do such work at the instance of individual lot owners. It was held that a gardener in the employ of individual lot owners, who had no contractual relation with the cemetery company, had no standing in court to question the validity of the regulation. The court, in speaking of that question, said: "The appellant also bases his argument against the validity of the by-laws in question, because of their being in restraint of trade and so against public policy. We cannot see how he is in a situation to assume such a position. He admits in his argument that the relation of the lot owners to the plaintiff association is purely contractual, but he has no contract with the plaintiff association. Even if his contention were true, that the contract is in restraint of trade, how does it affect him? The law will declare a contract void, as being in restraint of trade, only as between the parties affected by the contract. Even if the defendant were a lot owner himself, the contract relating to a single cemetery lot would regulate nothing but the lot itself and would, therefore, not be a contract in restraint of trade generally, but it is not alleged anywhere in the case stated that he is a lot owner. We do not see that the argument has force or application."

As before stated, it is shown that plaintiff is a lot owner in the defendant's cemetery, but the relief sought is not by reason of such ownership nor because of any right as a lot owner. His lot was conveyed to him under a deed containing no reservations, and the defendant is not attempting to enforce its regulation against lot owners holding lots under such deeds.

Defendant here is a corporation organized for profit. Its unsold lots are private property which may be used by defendant as it sees fit. (*Forestvale Cemetery Assn.* v. *Helena Cemetery Assn.,* 62 Mont. 52, 203 Pac. 359.) So far

as plaintiff is concerned, defendant may rightfully refuse to sell lots without a reservation in the deeds containing the identical language of the regulation complained of. The resulting injury to plaintiff's business would not give him a cause of action. The action of defendant violates no duty owing to, nor impinges upon any right of, plaintiff.

By analogy, the conclusion we have reached finds support in the following cases: *Gott* v. *Berea College*, 156 Ky. 376, 51 L. R. A. (n. s.) 17, 161 S. W. 204; *Deon* v. *Kirby Lbr. Co.*, 162 La. 671, 52 A. L. R. 1023, and note on page .1031, 111 South. 55; *Celli & Del Papa* v. *Galveston Brewing Co.*, (Tex. Com. App.) 227 S. W. 941; *Orr* v. *Home Mutual Ins. Co.*, 12 La. Ann. 255, 68 Am. Dec. 770; *Macauley Bros.* v. *Tierney*, 19 R. I. 255, 61 Am. St. Rep. 770, 37 L. R. A. 455, 33 Atl. 1; *Bohn Mfg. Co.* v. *Hollis*, 54 Minn. 223, 40 Am. St. Rep. 319, 21 L. R. A. 337, 55 N. W. 1119; *Tatman* v. *Rochester Lodge No. 47 I. O. O. F.*, 88 Ind. App. 507, 164 N. E. 718; see, also, 15 R. C. L. 73.

The evidence is insufficient to support the judgment. The judgment is reversed and the cause remanded, with direction to dismiss the action.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied June 14, 1930.