## STATE v. LAKEWOOD CEMETERY ASSOCIATION.[1]

October 21, 1904.

Nos. 13,849—(3).

**Cemetery—Taxation.**

A portion of a tract of land purchased by a cemetery association is exempt from taxation, when its acquisition is necessary for use in the near future as a burial place for the dead, and the association intends to plat the same as a part of its cemetery, and place it upon the market for sale, as soon as the entire tract can be acquired under condemnation proceedings now pending.

**Growing Plants for Sale.**

Conducting a greenhouse thereon for the purpose of growing flowers and plants to be used in beautifying the grounds is not a use of such tract for other than cemetery purposes, notwithstanding the fact that a small surplus thereof has been sold for the benefit of the association.

In proceedings in the district court for Hennepin county to enforce real estate taxes delinquent for the year 1901, defendant cemetery association interposed an answer claiming that its property was exempt from taxation and praying that the tax extended against the same be

[1] Reported in 101 N. W. 161.

annulled. The case was tried before Pond, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed and judgment ordered for defendant.

*Daniel Fish,* for appellant.

*F. H. Boardman* and *C. L. Smith,* for respondent.


DOUGLAS, J.

Appeal from an order of the district court of Hennepin county overruling defendant's motion for a new trial.

Defendant is a corporation organized and existing under title 5 of chapter 34 of the general statutes of 1878 (G. S. 1894, §§ 3086–3135), for the purpose of procuring and holding lands to be used exclusively as a public cemetery or place for the burial of the dead. Prior to 1900 the association owned a large tract of land in the city of Minneapolis, which was duly platted and used for cemetery purposes. From the map introduced in evidence it appears this land, known as "Lakewood Cemetery," consists of less than two hundred acres in area; also that the association has acquired by purchase for a like purpose approximately three-quarters of a tract of land adjacent thereto, containing forty acres, known as "Saunders Park," and is now attempting to obtain the remainder by condemnation proceedings pending in the courts of Hennepin county. It further appears that Saunders Park is the only available ground for enlarging said cemetery, and is well adapted by situation and topography for such purpose. Thirteen thousand interments have been made in said cemetery, fourteen hundred of which occurred during the past two years. That portion known as "Saunders Park" has not as yet been platted or placed upon the market, but it appears from the undisputed evidence contained in the record that the association intends to plat and sell it on the same basis as other cemetery property as soon as all the land can be acquired; also that at the present rate of increase in interments all of such property so held and intended to be purchased of necessity will be placed upon the market within ten, and exhausted by sales within thirty, years. Prior to such purchase a greenhouse was maintained upon some of the lots, which has been since used by the association in growing flowers and plants for the purpose of beautifying the cemetery. The surplus stock not necessary for such use has been sold for the benefit of the associa-

tion.   This appeal involves the question whether, under the circumstances outlined, the lots so acquired in Saunders Park are free from taxation.

Section 3 of article 9 of the constitution provides that

> Public burying-grounds, public school-houses, public hospitals, academies, colleges, universities, and all seminaries of learning, all churches, church property used for religious purposes and houses of worship,  *  *  *   shall by general laws be exempt from taxation.       •

The act under which appellant was organized as a corporation authorizes the purchase by the association of land not exceeding three hundred acres in area,

> To be held, actually used and occupied exclusively for a cemetery for the burial of the dead and for purposes necessary or proper thereto; such land or such portion thereof as may from time to time be required for that purpose, shall be surveyed and divided into lots of such size as the trustees direct.   Laws 1901, p. 307, c. 220, § 1.

By the plain mandate of the constitution such lands, within the limitation as to area prescribed by the legislature, are exempted from taxation, and by the express terms of the act quoted the legislature anticipated that it would not be necessary to plat or subdivide all lands obtained by cemetery associations, except from time to time, as the exigencies should require.

In our opinion, even in the absence of a legislative construction or specific declaration, the authority to provide for the future needs of the public in the matter of obtaining suitable land as a burial place for the dead must be deemed to be implied from the general authority conferred by said act.   In Ramsey County v. Macalester College, 51 Minn. 437, 53 N. W. 704, in holding that an unimproved tract of land purchased for use by Macalester College as a place of recreation at an indefinite time in the future was not exempt from taxation, particular stress was placed by the court upon the act of the legislature authorizing such purchase.   The act then under consideration differs radically from the one creating cemetery associations and authorizing the purchase of land for burial purposes.   That act exempted "grounds at-

tached to such buildings necessary for their proper occupancy, use and enjoyment," and was construed as premises "reasonably necessary or appropriate for the proper occupancy, use, and enjoyment of the institution." The court, applying the rule of strict construction which we follow, held that the exemption did not apply to lands contemplated for use at an indefinite future time.

It becomes unnecessary to inquire whether too much stress was then placed upon the legislative enactment which supplemented section 3 of article 9 of the constitution. Here the association intends to plat all of Saunders Park for cemetery purposes as soon as title thereto is acquired under condemnation proceedings pending, and place the same upon the market, although it may not be entirely disposed of during the next twenty or thirty years. It therefore cannot be said the lands are held for use at an indefinite future time. In this particular the issue is clearly distinguishable from that presented in the Macalester College case. We merely hold that it is within the power of the cemetery association to acquire property reasonably necessary for use presently for cemetery purposes, and that such lands are exempt from taxation.

The use of a small portion thereof for a greenhouse for the purpose of growing flowers and plants to be used in beautifying the grounds, clearly, in our judgment, falls within the authority conferred upon appellant. It is a matter of common knowledge that greenhouses are maintained by many of the large cemetery associations throughout the country, and the sale of a small amount of the surplus stock is but an incident to the general management. We are of the opinion the land so acquired is exempt from taxation.

Order reversed, and cause remanded, with directions to the district court to amend its conclusions of law and enter judgment in favor of defendant.