**RESTHAVEN MEMORIAL PARK &
CEMETERY ASSOCIATION,
Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 3252.**

United States District Court
W. D. Kentucky,
Louisville Division.

July 1, 1957.

Oldham Clarke, James M. Cuneo, Louisville, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., Chas. M. Allen, Asst. U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This case came on to be heard on the merits before the Court without a jury, and at the conclusion of all the evidence introduced by the parties, the Court finds, adjudges and decrees as follows:

### Findings of Fact

1. The plaintiff, Resthaven Memorial Park and Cemetery Association (hereinafter referred to as the "Lot Owners Association"), was incorporated under the laws of the Commonwealth of Kentucky on November 3, 1926, as a nonprofit corporation, and the purpose for which said corporation was formed, as set out in the Third Paragraph of its Articles of Incorporation, is as follows:

"The purpose for which said corporation is formed is to establish, conduct and maintain a Cemetery or Burial Park, for the burial of human remains and in which may be erected memorials, monuments, vaults, mausoleum or mausoleums, a crematory or other buildings, useful, usual or necessary to places for the interment of the dead.

"In pursuance of such purpose the corporation may take, own and hold property, real, personal or mixed, and enjoy all the usual, necessary and incidental rights and privileges of a corporation organized for the purposes above mentioned."

2. The aforesaid Lot Owners Association and certain trustees entered into an agreement on January 26, 1927, whereby it was agreed in substance as follows:

(a) That as and when during the term of this agreement such trustees desire from time to time to subdivide and lay out lots, parcels, walks, and streets, and to develop and improve any part of the above-mentioned lands, to be used for burial purposes, such lands shall be subdivided, laid out, developed and improved under the direction and su-

pervision of competent architects and engineers pursuant to subdivisions and surveys which shall first be submitted to and be approved by the Association.

(b) That trustees agreed to convey to the Association concurrently with the filing for record of any plat or survey of any section or portion of any of the above-mentioned land, free and clear of any lien or encumbrance, the roadways, walks, water mains, sewers, buildings, enclosures, improvements and structures constructed, erected, or installed, upon the section or subdivision covered by the plat filed.

(c) The trustees agreed to provide for the Association a trust fund, the income only from which may be used for the permanent care and maintenance of the burial ground involved, which burial ground is known as The Resthaven Memorial Park and Cemetery. A portion of the funds received by them from the sale of burial lots was to be set aside by the trustees for the purpose of creating such trust fund.

(d) The Association agreed to operate and maintain the cemetery according to established customs, to employ help for maintenance and upkeep, and to make alterations and repairs.

(e) This agreement shall remain in full force and effect until such time as the Trustees shall have disposed of all lots and lands covered by the agreement.

3. On November 13, 1927, the "Resthaven Memorial Cemetery, Inc." (hereinafter referred to as the "Land Development Company") was incorporated under the laws of the Commonwealth of Kentucky as a private corporation for profit, and to take over the business, assets and liabilities of the aforesaid trustees, including the aforesaid agreement of January 26, 1927.

4. The Lot Owners Association amended its Articles of Incorporation on April 27, 1949, and the purposes of said corporation, as set out in said Amended Articles, are as follows:

"1. The sale, erection and maintenance of community and private mausoleums.

"2. The sale, erection and maintenance of memorials of any character or material.

"3. The sale, erection and maintenance of garden benches, statutes, flower containers and all other adornments.

"4. The sale, installation, planting and maintenance of flowers, plants, shrubbery, trees and landscaping.

"5. The sale, manufacture, installation and maintenance of burial vaults and underground crypts.

"6. The furnishing of endowed memorial services of every form and nature such as the placing of flowers at stated times or special memorial musical programs.

"7. To construct, build, establish and maintain a Cemetery or Burial Park for the burial of human remains, in which may be erected, maintained memorials, monuments, vaults, mausoleum or mausoleums, a Crematory or other buildings, useful, usual or necessary to places for the interment of the dead.

"8. To purchase, repurchase, sell, resell, mortgage, remortgage, lease, release or otherwise acquire, sell and exchange tenements and hereditaments situated in the State of Kentucky or any other state of the Union.

"9. To have the power to transact any other kind of businesss which its officers or directors may consider necessary, expedient and proper in connection with said business."

5. By deed dated November 20, 1941, the Lot Owners Association acquired the fee simple title to a stone office building known as the administration building

and 2.37 acres of land on Bardstown Road near Buechel, Kentucky, on which said building is situated.

6. The Lot Owners Association derives its income from the perpetual care fund and from interments, foundations and bronze markers; its Directors are elected by the lot owners; its Directors are Harry M. Merriman, Elmer P. Gernert, John Hartstern, Robert P. Adams, Dr. Walton Morton, Lewis C. Tingley, Jr., Ada Tingley; its officers are the following: President—Harry M. Merriman, Vice-President—Elmer P. Gernert, and Secretary-Treasurer—John Hartstern; and it maintains its own separate set of books and records.

7. The Land Company derives its income principally from the sale of land. Its directors are elected by its stockholders; its directors are Lewis C. Tingley, Sr., Ada Tingley, Harry W. Goodman, R. R. Whitmer, William P. Hollinger, Herbert Scales, and Oldham Clarke; its officers are, President—Ada E. Tingley, Vice-President—Harry W. Goodman, Secretary—Herbert Scales, Treasurer—R. R. Whitmer; and it maintains its own separate set of books and records.

8. The trustees of the Perpetual Care Fund are: Harry M. Merriman, Lewis C. Tingley, Sr., and the Citizens Fidelity Bank and Trust Company.

9. The assets of the Perpetual Care Fund as of March 31, 1957, were as follows: Cash—$5,341.76, Bonds—$240,387.15, Total—$245,728.91.

10. The Commissioner of Internal Revenue denied the claim of the plaintiff that it was entitled to exemption for Federal Income Tax liability under the provisions of Section 101(5) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 101 (5), and required the plaintiff to pay income taxes in the following amounts and on the following dates for the fiscal year which ended May 31, 1951: August 13, 1951, $110.29; November 9, 1951, $257.34; March 14, 1952, $12.45; Total, $380.08.

11. For the fiscal year which ended May 31, 1952, the plaintiff was required to and did pay income taxes as follows: August 15, 1952, $306.41; November 20, 1952, $306.41; February 10, 1953, $262.63; Total, $875.45.

12. For the fiscal year which ended May 31, 1953, the plaintiff was required to pay and did pay income taxes as follows: August 10, 1953, $639.14; November 13, 1953, $639.14; February 12, 1954, $319.55; Total, $1,597.83.

13. The plaintiff sustained a net operating loss for the fiscal year which ended May 31, 1954; plaintiff claimed a refund of taxes paid for the fiscal years which ended May 31, 1952 and May 31, 1953, in the amounts of $225.46 and $319.67, respectively, under the provisions of the Internal Revenue Code relating to net operating loss carry back; and plaintiff has been refunded said sums.

Conclusions of Law

1. The plaintiff (Lot Owners Association) is a cemetery company, which is owned and operated exclusively for the benefit of its lot owners who hold such lots for bona fide burial purposes and not for the purpose of sale.

2. The plaintiff is not operated for a profit.

3. The plaintiff is chartered as a cemetery corporation, solely for burial purposes and business necessarily incident to such purposes, and it is not permitted by its charter to engage in any business not necessarily incident to that purpose.

4. No part of the net earnings of the plaintiff inures to the benefit of any private shareholder or individual.

5. The plaintiff is exempt from federal income tax under the provisions of Section 101(5) of the Internal Revenue Code of 1939.

Judgment

It is hereby ordered, adjudged and decreed as follows:

1. The plaintiff, Resthaven Memorial Park and Cemetery Association, recover of the defendant, United States of America, the sum of $380.08, paid for the fiscal year which ended May 31, 1951, with

interest from the dates of payment as provided by law.

2. The plaintiff recover of the defendant the sum of $649.97 of the amount paid for the fiscal year which ended May 31, 1952, with interest from the dates of payment as provided by law.

3. The plaintiff recover of the defendant the sum of $1,278.16 of the amount paid for the fiscal year which ended May 31, 1953, with interest from the dates of payment as provided by law.

4. The plaintiff recover of the defendant its costs herein expended and allowable by law.