(No. 36906.—

THE PEOPLE *ex rel.* FRED GUETTLER, d/b/a Jurgensen Monument Company, Appellee, *vs.* MOUNT OLIVE CEMETERY ASSOCIATION, Appellant.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

SCHUMACHER, GILMORE, STAUB & PAYNE, of Chicago, (RAYMOND OLSON, JR., of counsel,) for appellant.

ALBERT J. MESEROW, of Chicago, for appellee.

LEONARD L. COWAN, of Chicago, *amicus curiae,* for Illinois Cemetery Association *et al.*

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal by Mount Olive Cemetery Association, defendant, to review an order of the superior court of Cook County prohibiting it from selling cemetery markers and monuments. A franchise being involved, the jurisdiction of this court has been properly invoked. *People ex rel. Blake Co.* v. *Oak Woods Cemetery Association,* 17 Ill.2d 64.

The defendant was organized in 1885 as a corporation for profit to conduct a cemetery business and since then has operated a cemetery at 3832 Narragansett Avenue in Chicago. In 1955 the defendant's articles of incorporation

were amended so as to also permit the purchase, manufacture and sale of memorials, monuments, headstones, and other products used in perpetuating the memory of the dead, and thereafter Mount Olive Cemetery Association undertook this additional activity upon the premises. Directly across the street from the cemetery is a monument company which commenced its operation in 1895 and was purchased in 1952 by the plaintiff, Fred Guettler, doing business as Jurgensen Monument Company. It appears that plaintiff's business was in large part derived from persons purchasing lots in the defendant's cemetery and was adversely affected when defendant commenced competing for this trade. Consequently, after obtaining leave of court, plaintiff instituted the present action in *quo warranto* to determine whether defendant was authorized to engage in the sale of cemetery markers and monuments. In its answer defendant alleged it was acting within the scope of its articles of incorporation, as amended, and thereafter both parties moved for summary judgment, whereupon a judgment of ouster was entered upon the pleadings.

In support of his position, the plaintiff relies heavily upon *People ex rel. Anderson Monument Co.* v. *Rosehill Cemetery Co.* 3 Ill.2d 592, and *People ex rel. Blake Co.* v. *Oak Woods Cemetery Association,* 17 Ill.2d 64, wherein we held that cemetery corporations organized under a special charter, enjoying tax exemptions, powers relative to eminent domain, and other privileges not experienced by business corporations, and whose charters contain no express authority to so act, are quasi-public in character and have no implied power to sell monuments in competition with private enterprise. For the reasons hereinafter stated, however, these decisions are not controlling in the present case.

Mount Olive Cemetery Association is not a special charter corporation but was organized under what is now The Business Corporation Act (Ill. Rev. Stat. 1961, chap. 32, par. 157.1 to 157.167;) its articles of incorporation

expressly authorize the sale of monuments; and it enjoys no taxation, eminent domain, or other special privileges except that afforded by section 19.3 of the Revenue Act, (Ill. Rev. Stat. 1961, chap. 120, par. 500.3,) which exempts from general taxation all lands used exclusively for burying the dead. This latter exemption does not apply to property devoted to the monument business so as to give it an unfair economic advantage and does not, in and of itself, determine the character of the corporation as quasi-public in nature. *People ex rel. Gaskill* v. *Forest Home Cemetery Company,* 258 Ill. 36.

Under the provisions of The Business Corporation Act a corporation may be organized for the purpose of operating a cemetery or selling monuments, and there is no prohibition therein against the conducting of both activities by a single corporation. (Ill. Rev. Stat. 1961, chap. 32, par. 157.3.) Nor does the public welfare demand a separation of such businesses. Such activities are not monopolistic in nature and we are unable to perceive how their combination could be detrimental to the public generally. Although it may, as in the present case, work to the disadvantage of a competitor, the merging of somewhat related activities into a single operating unit is not uncommon in our economic system and is certainly not a matter of public policy to be fixed by the courts.

We hold that a corporation organized under The Business Corporation Act for profit, if so authorized by its articles of incorporation, may lawfully engage in both the operation of a cemetery and the sale of monuments and markers, and that the lower court erred in deciding to the contrary. Accordingly, the judgment of the superior court of Cook County is reversed and the cause remanded with directions to sustain the motion for summary judgment filed by the defendant.

*Reversed and remanded, with directions.*