Lee P. CLAGETT, Trading as The Arlington Memorial Company, et al., Plaintiffs,

v.

VESTRY OF ROCK CREEK PARISH, etc., et al., Defendants.

Civ. A. No. 1012–64.

United States District Court
District of Columbia.

March 23, 1965.

John F. Hillyard, Washington, D. C., for plaintiffs.

Ernest Henry, Washington, D. C., for defendant Vestry of Rock Creek Parish.

McGUIRE, Chief Judge.

This is an action brought by the plaintiffs, seeking a declaratory judgment and damages, who, as individuals or corporations are engaged in the business of the selling of tombstones, markers and memorials in the District of Columbia or its environs.

The defendant is the Vestry of Rock Creek Parish, an alleged tax exempt entity in the District of Columbia charged with the responsibility of the operation and maintenance of Rock Creek Cemetery, an appanage to St. Paul's Episcopal Church.

The gist of the complaint is to the effect that the selling of markers and memorials by the defendant Vestry in competition with the private business enterprises of the plaintiffs is in violation of the Acts of Congress and statutes governing such an entity and the Church and Cemetery operated by it. After oral argument, both sides acquiesced in the suggestion that summary judgment would lie and both have so moved.

The bald legal issue thus framed and presented to the Court may be stated as follows:

Whether a tax-exempt religious organization which operates a public

cemetery as a part of its religious activity, such operation being governed by Title 27–101, et seq. of the D.C. Code, 1961 Ed., may sell, in competition with private enterprise, monuments, markers, etc. for use in its cemetery only, the proceeds of such sales being used solely for the maintenance of the cemetery grounds.

Assuming *arguendo*, but not deciding, that the plaintiffs have standing to sue and further assuming but not necessarily deciding that the defendant is a corporate entity legally created, the Court concludes—taking into consideration that a stipulation has been entered into to the effect that the defendant Vestry sells markers and monuments only for use in its own cemetery and that the essential purpose of such activity is to insure uniformity and high standards of appearance and that the proceeds from such sales are used for the perpetual maintenance of the cemetery grounds—the question resolves itself into simple and narrow compass and that is: Whether or not such activity is permitted by the applicable sections of the District Code.

The question appears to be one of first impression in this jurisdiction. Title 27–102 of the District of Columbia Code gives cemetery associations general authority to hold land and "lay out the same for a burial place for the dead."

Title 27–104 grants such associations "the power to inclose and ornament their burial ground * * * and to do all other necessary acts to the end that all the appliances, conveniences, and benefits of a public and private cemetery may be obtained."

Title 27–106 provides that "The proceeds arising from the sale of lots, after deducting all expenses of purchasing and laying out the same, shall be applied, appropriated, and used in improving and ornamenting the burial ground, or for other purposes named in this Chapter [none of which are pertinent here]."

More directly and specifically the question here raised is whether the activity of selling markers and monuments for use in the Vestry's *own* cemetery is so closely and intimately connected with and related to its overall function and activity in operating a cemetery that it can be said that such power is conferred by Title 27.

The authorities seem to be unequally divided. New Jersey answers the question in the negative, although a distinction can be raised in that the controlling statute in that jurisdiction appears to be more general than the one in the District of Columbia, and the word "ornamenting" (Title 27–106, supra) which would appear to be critical, is not found. See Frank v. Clover Leaf Park Cemetery Association et al., 29 N.J. 193, 148 A.2d 488 (1959); Terwilliger v. Graceland Memorial Park Association et al., 35 N.J. 259, 173 A.2d 33 (1961).

Another distinction can be made, and that is that in the New Jersey cases it does not appear that the associations involved were using the returns from such sales as were made *solely* for the *perpetual* maintenance of the cemetery grounds. The record here indicates that in this case such returns from sales as are had are utilized exclusively for that purpose.

Eight other jurisdictions where the same general problem has arisen would seem to allow the activity complained of by the plaintiffs in this case. (People ex rel. Guettler v. Mt. Olive Cemetery Association, 26 Ill.2d 156, 186 N.E.2d 39; Schaefer v. West Lawn Memorial Cemetery et al., 222 Or. 241, 352 P.2d 744.[1] It is interesting to note, too, that in addition to the authorities mentioned,

---

1. See also: Daily Monument Co. v. Crown Hill Cemetery Assn. et al., 114 Ohio App. 143, 176 N.E.2d 268; State ex rel. Benson v. Lakewood Cemetery, 197 Minn. 501, 267 N.W. 510; Davisson v. Mt. Moriah Cemetery Assn., 87 Mont. 459, 288 P. 612, 81 A.L.R. 1419; Dries et al. v. Charles Evans Cemetery Co., 109 Pa. Super. 498, 167 A. 237; Gasser et al. v. Crown Hill Cemetery Association, 103 Colo. 175, 84 P.2d 67; Wing v. Forest Lawn Cemetery Association, 15 Cal.2d 472, 101 P.2d 1099, 130 A.L.R. 120.

more light is shed on the question by way of analogy. Title 20–605 of the D.C. Code permits an executor or administrator to pay a reasonable sum out of decedent's estate for funeral expenses. There is no question that an appropriate marker or monument for a grave would be considered as an integral and proper part of these so-called statutory funeral expenses. Further, by way of analogy, Title 26, § 501(c) (13) of U.S.C.A. exempts from the federal income tax all

"Cemetery companies owned and operated exclusively for the benefit of their members or which are not operated for profit; and any corporation chartered solely for burial purposes as a cemetery corporation and not permitted by its charter to engage in any business *not necessarily incident to that purpose, no part of the net earnings of which inures to the benefit of any private shareholder or individual.*" (Italics supplied.)

Thus it appears that the question raised in these tax cases is whether the activity to which attention is directed is "necessarily incident" to "burial purposes." See Forest Lawn Memorial Park Association, Inc. v. Com'r, 45 B.T.A. 1091 (1941) where it appeared that the cemetery sold crypts, coffins, mausoleums, flowers, postcards, etc., all of which were deemed "accessories and services,"—the Court holding that these activities were incidental and non-taxable as long as profits *did not* inure to shareholders. See also Resthaven Memorial Park and Cemetery Association v. United States, 155 F.Supp. 539 (W.D.Kentucky, 1957).

See also, and particularly in relation to the New Jersey cases referred to above, Passaic United Hebrew Burial Association v. United States, 216 F.Supp. 500 (N.J.1963).

In conclusion, therefore, the Court finds that grave and marker, or monument, if you will, are so intimately related to the extent that the suggestion of one suggests the other, and since it is a matter of uncontroverted and admitted

fact in the given situation that such profits as are realized are used exclusively for the maintenance of the cemetery, defendants' motion for summary judgment ought to be and is granted, as a matter of law, and that of the plaintiffs' denied.

Order accordingly.