WILMINGTON MEMORIAL CO., Inc., a corporation of the State of Delaware, Plaintiff,

v.

SILVERBROOK CEMETERY COMPANY, a cemetery corporation of the State of Delaware, and David P. Buckson, Attorney General of the State of Delaware, Defendants.

Court of Chancery of Delaware, New Castle.

Jan. 28, 1972.

Samuel H. Lewis, Wilmington, and Howard Stern, of Shavick, Stern, Schotz, Steiger & Croland, Paterson, N. J., for plaintiff.

Stuart B. Young and Bruce M. Stargatt, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant Silverbrook Cemetery Co.

Peter J. Nolan, Deputy Atty. Gen., Wilmington, for defendant David P. Buckson, Atty. Gen.

SHORT, Vice Chancellor:

This is an action for a declaratory judgment, injunctive relief and damages. The complaint alleges that defendant Silverbrook Cemetery Company (Silverbrook) is unlawfully and unfairly competing with plaintiff in the sale of monuments (bronze grave markers) to lot owners in its cemetery. The answer denies the allegations of the complaint and asserts as affirmative defenses, failure to state a claim upon which relief may be granted, and plaintiff's lack of standing to prosecute the action. The case is before the court on cross motions for summary judgment. This is the decision on the motions.

The undisputed facts are these: Silverbrook was incorporated by special act of the legislature in 1895. 20 Del.Laws, Ch. 82. Relevant sections of the charter provide that the company was "formed for the purpose of establishing and maintaining a public cemetery." It was empowered "to purchase, take, own and hold by contract, deed, devise, bequest, gift, assignment, or otherwise howsoever, real and personal estate of every kind and the same to grant, sell, alien, convey and dispose of"; "to enter into any and all contracts necessary or proper to be in the conduct of its business and declare dividends of the profits of said company"; "and generally to do all and singular those matters and things which shall appertain to the well being and ordering of said company and to the proper conduct of its business and affairs as a cemetery company." The charter further provided: "All lots of ground sold by the said company shall be exclusively used for burial lots; . . . and the cemetery grounds, with the buildings, improvements and appurtenances shall be exempt from taxation and shall not be levied upon or taken by execution."

Since the date of incorporation Silverbrook has remained a closed corporation which is owned and operated by the heirs of the original stockholders. The cemetery itself comprises sixty acres of land upon which an office building, a crematorium and two garages have been constructed. The burial grounds are divided into two distinct sections: a traditional stone monument area and a memorial park area in which all graves are marked by flat bronze memorials set in the ground flush to the surface.

Defendant's sale of bronze markers is the subject of this action. Up to this time it has never sold any stone monuments. Defendant has been selling bronze markers since 1950 and during the years 1966, 1967 and 1968 averaged between fifty and sixty individual sales per year. These sales accounted for ninety-five per cent of the total bronze markers installed in the cemetery. No sales have been made by defendant to customers who have not purchased burial lots in the cemetery. Marker sales are usually conducted in the main office in which sample memorials are on display, or by letter to the customer sometime after a burial. The standard 24 inch by 12 inch marker is sold for $135 including the cost of installation. Though there is no requirement that lot owners purchase markers exclusively from defendant, it requires that all bronze markers purchased from third parties must be installed by defendant at a charge of $50 for the standard size marker. The cost of installation is charged to the third party dealer. In contrast, outside monument dealers are permitted to install stone monuments in the traditional cemetery section. Defendant readily admits that installation does not require skilled labor.

It also admits that a substantial part of the installation charge represents profit.

Plaintiff company, incorporated in 1960 under the General Corporation Law, has been in the monument business since 1937. Its place of doing business is located in the proximate vicinity of defendant's cemetery. A major portion of its business is in the sale of granite monuments. However, it has been selling bronze markers in competition with defendant since 1950.

Plaintiff alleges in the complaint that Silverbrook is a "charitable trust which exists for the purpose of operating a charitable use."[1] In its brief plaintiff contends that Silverbrook's activities violate its charter. It also contends that defendant, based upon its preferred status as a tax-exempt corporation and its well-developed relationship with the purchasers of grave lots, is in unfair competition with plaintiff. For the main part, the issues in this action present questions of first impression in this jurisdiction. In support of its contentions plaintiff relies upon cases in other jurisdictions which have specifically prohibited the sale of bronze markers by cemetery corporations. Holdings to this effect by the courts of New Jersey and Illinois are particularly emphasized by plaintiff.

Defendant, on the other hand, contends that its activities as a "for-profit" corporation do not violate the broad language of its charter. It distinguishes plaintiff's cases on the basis that those jurisdictions have substantially different statutory provisions governing cemetery corporations, and it cites cases to the contrary which have permitted such related activities.

Prior to the adoption of the General Corporation Law of 1899 all corporations in Delaware were incorporated by special act of the legislature. Since as early at least as 1845 cemetery corporations were so created. See 10 Del.Laws, Ch. 27—An Act to Establish the Wilmington and Brandywine Cemetery. A review of the charters of cemetery companies incorporated by special act reveals that though the powers granted were identical or similar in many respects, there were also substantial differences. Thus, some charters, like those of Silverbrook, provided for the declaration of dividends from profits. See, for example, the Long Valley Cemetery Co., 15 Del.Laws, Ch. 130 (1875) and the New Castle Cemetery Company, 16 Del.Laws, Ch. 481 (1881). Other charters provided that profits be applied specifically to the care and upkeep of the cemetery grounds. See, for example, Odd Fellows Cemetery, 14 Del.Laws, Ch. 489 (1873) and Bannings Cemetery Ass'n., 18 Del.Laws, Ch. 633 (1889). Still other charters, and perhaps the majority, were entirely silent on the subject of profits. See, for example, All Hollows Cemetery Co., 14 Del.Laws, Ch. 487 (1873) and Lincoln Cemetery, 16 Del. Laws, Ch. 480 (1881).

Since 1899 cemetery corporations have been incorporated under the General Corporation Law and a number of statutes have been passed which parallel specific provisions and exemptions traditionally set out by charter.[2] The most recent statutory enactment, 30 Del.C. § 1902(b) 2, specifically differentiates between non-profit and for-profit cemetery corporations in determining exemption from corporate income tax. Only cemetery corporations "no part of the net earnings of which inures to the benefit of any private stockholder or individual" may qualify for the exemption. Silverbrook does not qualify.

1. Based upon this contention plaintiff joined the Attorney General as a defendant in this action. The Attorney General's answer to the complaint denied that Silverbrook is a charitable trust.

2. 9 Del.C. § 8105 provides that real property owned by cemetery corporations shall not be liable to taxation and assessment.

10 Del.C. § 4902 provides that burial lots are exempt from execution or attachment process.

12 Del.C. §§ 3551–3554 provide generally for the disposition of trust funds, the sale of land, the use of proceeds from sales, and the perpetual care of burial lots.

■ Silverbrook challenges plaintiff's standing to prosecute this action. Ordinarily this issue would be the first subject for determination. But defendant's argument on the issue is cast in a conditional form. Having concluded that it is lawfully competing with plaintiff in the sale of markers it says: "In final analysis, if defendant Silverbrook has the power and authority to compete, then what standing does plaintiff have in bringing this lawsuit? We contend it has none." This approach to the issue of standing is, in my opinion, a correct one for if it should be concluded that Silverbrook is a charitable trust, and, therefore, without power to distribute profits to its shareholders then plaintiff, by joining the Attorney General as a party as it has done here, has the unquestioned right to maintain this action. Terwilleger v. Graceland Memorial Park Ass'n, 35 N. J. 259, 173 A.2d 33. See also, Frank v. Clover Leaf Park Cemetery Ass'n, 29 N.J. 193, 148 A.2d 488. I am also satisfied that plaintiff, in these circumstances, has standing to complain that the sale of markers is in violation of Silverbrook's charter.

■ While the contention of a charitable trust is not emphasized in plaintiff's brief the court is asked to follow a long line of New Jersey cases which hold that a cemetery which is open to the use of the public for burial of the dead is a charitable trust and its operation for private profit is against public policy. See, for example, Terwilleger v. Graceland Memorial Park Ass'n, *supra,* and Frank v. Clover Leaf Park Cemetery Ass'n, *supra.* But the law in Delaware is clearly to the contrary absent language in the deed designed to create an express trust of lands to be devoted to cemetery purposes or conveyance to a church of land for like use. Anderson v. Mount Zion Cemetery Ass'n, 40 Del.Ch. 442, 184 A.2d 86. Nor is there merit to the contention that public policy of this State forbids the operation of a cemetery corporation for private profit. On the contrary, the legislature has seen fit to provide for the declaration of dividends of the profits in chartering cemetery companies, and as late as 1957 has specifically recognized for-profit cemetery corporations in providing for exemptions from corporate income tax. 30 Del.C. § 1902(b) 2. Plaintiff's claim, insofar as it is founded upon the theory of charitable trusts, is rejected.

■ Plaintiff contends that defendant's sale of markers is in violation of its charter. The charter does not expressly provide for the sale of markers. However, it does expressly carry the broad general powers "to purchase . . . personal estate of every kind and the same to . . . sell . . . ," and "to enter into any and all contracts . . . proper to be in the conduct of its business [as a cemetery company]." These provisions clearly indicate the legislative intent to grant to Silverbrook the power to engage in activities related to the business of operating a cemetery. Burial of and memorializing the dead are certainly related activities. As the court said in Clagett v. Vestry of Rock Creek Parish, D.C., 241 F.Supp. 950: "grave and marker . . . are so intimately related to the extent that the suggestion of one suggests the other." See also, People ex rel. Guettler v. Mount Olive Cemetery Ass'n, 26 Ill.2d 156, 186 N.E.2d 39 (markers and monuments); State v. Lakewood Cemetery Ass'n, 93 Minn. 191, 101 N.W. 161 (greenhouse); Wing v. Forest Lawn Cemetery Ass'n, 15 Cal.2d 472, 101 P.2d 1099 (mortuary). I am satisfied that Silverbrook's charter, by necessary implication, confers the power to sell grave markers.

■ Plaintiff charges that defendant's tax exempt status permits it to compete unfairly with its taxable competitors. Under Silverbrook's charter the "cemetery grounds, with the buildings" are exempt from taxation. At the present time bronze markers are on display in a corner of Silverbrook's office building and a garage on the grounds is being used, among other things, for storing and assembling markers. Since Silverbrook pays no taxes on the

cemetery grounds or any of its buildings, plaintiff argues that it is afforded an unfair economic advantage. Assuming, without deciding, that plaintiff has standing to raise this issue, I am satisfied that it must be resolved in defendant's favor. The selling of markers having been found to be an activity authorized by Silverbrook's charter the exemption of its property from taxes does not qualify its right to exercise all the privileges granted thereby. Daily Monument Co. v. Crown Hill Cemetery Ass'n, 114 Ohio App. 143, 176 N.E.2d 268. Moreover, the only advantage occasioned to defendant of which plaintiff can complain would be the exemption from taxes on that portion of cemetery property which is used to display and store markers. On the evidence adduced this advantage, if any, is de minimis.

 Plaintiff contends that defendant's well-developed relationship with the purchasers of grave lots enables it to unfairly approach the same customers for the sale of markers. Defendant admits that it "is in the inevitable enviable position of having the first opportunity to approach the purchasers." However, it is not unusual in our economic system that such a relationship produces an advantage over competitors. I see nothing unfair or inequitable in such an advantage. And this is particularly so where, as here, there is no showing that defendant's sale of markers is tied directly or indirectly by contract to the sale of grave lots.

Finally, though there is evidence that defendant's rules and regulations require that all markers be installed by it and that where a marker is purchased from an outside dealer an installation fee shall be charged to such dealer, the complaint makes no reference to such rules and regulations. Nor do the briefs, as I read them, raise an issue of the validity or reasonableness of these rules. Accordingly, following oral argument on the motions I addressed a letter to plaintiff's counsel inquiring as to plaintiff's position with respect thereto.

In response counsel answered: "If Silverbrook is not involved as the plaintiff's competitor, there is at least an acceptance of the proposition that Silverbrook may require that it do all installations. On the other hand, if Silverbrook is permitted to continue as our competitor, we are placed in a situation in which our competitor forces our customer to accept a service from our competitor at a charge determined by our competitor despite the fact that we are quite willing and able to perform the service ourselves." This answer can hardly be considered as a challenge to the validity or reasonableness of defendant's rules. In any event, that such regulations are valid and reasonable has been judicially recognized. See, Daily Monument Co. v. Crown Hill Cemetery Ass'n, *supra*; Standard Monument Co. v. Mount Hope Cemetery and Mausoleum Co., 369 S.W.2d 876 (Mo.App.) ; Pine Crest Memorial Park v. Burton, 229 Ark. 1, 312 S.W.2d 919; Frank v. Clover Leaf Park Cemetery Ass'n, *supra*.

Plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted.