**WILMINGTON MEMORIAL CO., a corporation of the State of Delaware, Plaintiff Below, Appellant,**

v.

**SILVERBROOK CEMETERY COMPANY, a cemetery corporation of the State of Delaware, and David P. Buckson, Attorney General of the State of Delaware, Defendants Below, Appellees.**

Supreme Court of Delaware.

Oct. 18, 1972.

Samuel H. Lewis, Wilmington, and Howard Stern, of Shavick, Stern, Schotz, Steiger & Croland, Paterson, N. J., for plaintiff below, appellant.

Bruce M. Stargatt and Stuart B. Young, of Young, Conaway, Stargatt & Taylor, Wilmington, for Silverbrook Cemetery Company, defendant below, appellee.

Richard S. Gebelein, Deputy Atty. Gen., Wilmington, for Attorney General of Delaware, defendant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

This is an appeal from a declaratory judgment of the Chancery Court holding that Silverbrook Cemetery Company (hereinafter "Silverbrook") has the implied and incidental power, under its corporate charter, to sell bronze grave markers to purchasers of grave sites on an optional basis.

I.

The careful opinion below, reported at Del.Ch., 287 A.2d 405, contains a statement of the facts to which only the following need be added: Silverbrook, as a for-profit corporation, pays all taxes, including in-

come taxes, except the real property taxes from which it is exempted by its corporate charter.

To the statement of the statutory law contained in the opinion below, we add the following clarification: Under 9 Del.C. § 8105, there is a general exemption of all real property used for the purpose of "[b]urial lots and cemeteries" from any "taxation and assessment for public purposes by any county or other political subdivision of this State."

## II.

■ The first ground of this appeal by Wilmington Memorial Co. (hereinafter "Wilmington") is that the General Assembly provided tax exemptions and other special privileges for Silverbrook; that the utilization by Silverbrook of its exemptions and special relationships with customers "to promote a collateral commercial enterprise" in competition with those not so privileged "is unlawful, ultra vires, and constitutes an unfair competitive practice." The main contention in support of this ground is the assertion that there was fundamental error in the conclusions of the Chancery Court that, by necessary implication, Silverbrook's charter granted it the power to engage in "proper"[1] activities reasonably "related to the business of operating a cemetery"; that burial and memorializing the dead are such "proper" and "related" activities. 287 A.2d at 408.

After duly considering the contrariety of judicial opinion in this area,[2] we agree

with the rationale of the authorities cited by the Chancery Court (287 A.2d at 408) in support of its conclusion that Silverbrook's broad charter powers permit, by implication, an activity reasonably related to the business of operating a cemetery; and that the sale of bronze markers to grave site purchasers, upon a voluntary and optional basis as here, is such reasonably related activity. We agree with those conclusions.

A recent case lends additional support to the decision reached here. In Gingrich v. Blue Ridge Memorial Gardens, 444 Pa. 420, 282 A.2d 315 (1971), a similar problem was presented, involving a religious and charitable trust which was tax exempt, which owned and operated a cemetery, and which sold markers to grave site purchasers on an optional basis. The Supreme Court of Pennsylvania there stated: (282 A.2d at 319)

"Markers and monuments are integral parts of cemeteries and essential to the character and type of cemeteries maintained. That entity which operates and maintains a cemetery—whether it be a corporate body or a religious charitable trust—engages in the sale of markers and monuments to lot owners—on a voluntary rather than a compulsory basis—clearly has the incidental and implied power to do so."

In connection with this ground of the appeal, Wilmington stresses Silverbrook's "patent advantage of tax exemption" as the basis for a rule of strict charter construction which, it is asserted, would bar

---

1. By its charter (20 Del.L.Ch. 82), Silverbrook was "formed for the purpose of establishing and maintaining a public cemetery"; and was empowered "to enter into any and all contracts necessary or proper * * * in the conduct of its business."

2. See Clagett v. Vestry of Rock Creek Parish, D.D.C., 241 F.Supp. 950 (1965); Wing v. Forest Lawn Cemetery Assn., 15 Cal.2d 472, 101 P.2d 1099 (1940); People ex rel. J. H. Anderson Monument Co. v. Rosehill Cemetery Co., 3 Ill.2d

592, 122 N.E.2d 283 (1954); Guettler v. Mt. Olive Cemetery Association, 26 Ill.2d 156, 186 N.E.2d 39 (1962); State ex rel. Benson v. Lakewood Cemetery, 197 Minn. 501, 267 N.W. 510 (1936); Davisson v. Mt. Moriah Cemetery Assn., 87 Mont. 459, 288 P. 612 (1930); Daily Monument Co. v. Crown Hill Cemetery Assn., 114 Ohio App. 143, 176 N.E.2d 268 (1961); Shaefer v. West Lawn Memorial Cemetery, 222 Or. 241, 352 P.2d 744 (1960); Frank v. Clover Leaf Park Cemetery Assn., 29 N.J. 193, 148 A.2d 488 (1959).

the implied power found here. Assuming, without deciding, the accuracy of the premise relied upon for such rule of construction, we agree with the conclusion of the Chancery Court that the tax advantage in this case is *de minimus*. The tax exemption is not upon Silverbrook's business; it is limited by charter to "cemetery grounds, with the buildings, improvements and appurtenances." The sales of markers are transacted in the same office space as other business of Silverbrook; and only a portion of a garage is used for marker storage and assembly. The tax advantage thus attributable to the marker business is of no measurable consequence. This contention, therefore, is found to be unmeritorious.

The appellant also stresses the economic and competitive advantage Silverbrook enjoys in the sale of markers to lot purchasers by reason of its relationship to them; and thereupon the appellant asserts unfair competition. This argument does not encompass "unfair competition" in the ordinary legal sense of the term; rather, the appellant uses the term, again, as the premise for a rule of strict statutory construction. In this connection, the appellant relies upon Frank v. Clover Leaf Park Cemetery Assn., 29 N.J. 193, 148 A.2d 488, 493 (1959). The rule of that case is a minority view with which we are unable to agree. See cases cited, *supra*.

Accordingly, the appellant may not prevail on this ground.

### III.

The second ground of the appeal is the contention that, insofar as the marker business is concerned, the grant of tax exemption to Silverbrook denies to Wilmington equal protection of the laws for the reasons heretofore discussed.

This contention was not raised below. It will not be considered further because it is raised for the first time on appeal and

was not "fairly presented to the court below for decision." Rule 5(7), Del.C.Ann.

For the record, it is noted in passing that the appellant places sole reliance for this contention upon Allied Stores of Ohio v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L. Ed.2d 480 (1959).

The judgment below is affirmed.