tled to notice and an opportunity to be heard before he is deprived of legal title, the motion will be denied. That ruling is based on current Constitutional concepts which, in our view, are clearly applicable to foreclosure proceedings and which, indeed, are unchallenged by case or authority in any of the motions filed.

We emphasize that the opinion does not affect the traditional relationship between a mortgagee and a non-assuming transferee of title. It is directed entirely to procedural due process and not to property rights, except as they may be affected by failure to comply with Constitutional procedures. No special procedures are required; they need only meet the requisite standards of notice and an opportunity to be heard. In pending cases that may be accomplished by joining a terre-tenant as a party under Superior Court Rule 19.

\*   \*   \*   \*   \*   \*

Reversed and remanded.

Victor F. Battaglia and Gary W. Aber, of Biggs & Battaglia, Wilmington, for defendant-appellee Virginia J. Barry.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

PER CURIAM:

This case was begun by a writ of foreign attachment, 10 Del.C. § 3506, by which the proceeds of certain insurance policies were seized as a basis for establishing jurisdiction in the Superior Court. The Court determined that the policy in issue was exempt from creditor claims by the provisions of 18 Del.C. § 2726, Del. Super., 338 A.2d 575 (1975). We have concluded, for the reasons stated in the careful and complete opinion of the Superior Court, that its ruling was a correct interpretation and application of the statute.\*

Accordingly, the judgment is affirmed.

■

**WILMINGTON TRUST COMPANY, a Delaware Corporation, Plaintiff below, Appellant,**

v.

**Virginia J. BARRY et al., Defendants below, Appellees.**

Supreme Court of Delaware.

Submitted April 20, 1976.

Decided May 11, 1976.

■

Walter L. Pepperman, II, and Vincent J. Poppiti, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff-appellant.

■

**WIFE S., Respondent below, Appellant**

v.

**HUSBAND S., Petitioner below, Appellee.**

Supreme Court of Delaware.

Submitted April 20, 1976.

Decided June 3, 1976.

Rehearing Denied June 24, 1976.

■

---

\* Plaintiff argues in this Court that the statute is unconstitutional but, since that question was not "fairly presented to the court below for decision," Supreme Court Rule 5 (7), we refuse to consider it here. *Wilming-* *ton Memorial Co. v. Silverbrook Cemetery Co.*, Del.Supr., 297 A.2d 378 (1972); *Darling Apartment Co. v. Springer*, Del.Supr., 25 Del. 420, 22 A.2d 397 (1941).